CARTER, C.J.
[2Harold Vincent, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC), filed an application for writ of mandamus in the Nineteenth Judicial District Court (the district court) to compel DOC to process requests for relief that he filed under DOC’s administrative remedy procedure. DOC acknowledged that Vincent had ten requests “backlogged” in the system, but submitted that it followed the appropriate procedure for handling Vincent’s multiple requests. After holding a hearing, the Commissioner to which the district court referred this matter for screening found that DOC’s administrative remedy procedure (specifically LAC 22:I.325.F.3) allows DOC to backlog multiple requests for administrative relief. Thus, the Commissioner determined, there existed no basis for the issuance of a writ of mandamus because Vincent had not shown that DOC failed to perform a ministerial duty. The district court subsequently rendered judgment denying Vincent’s application for writ of mandamus, adopting as its reasons the Commissioner’s written report. Vincent now appeals.
We have thoroughly reviewed the record in this matter and the provisions of DOC’s administrative remedy procedure, including LAC 22:I.325.F.3, which provides:
Multiple Requests. If an inmate submits multiple requests during the review of a previous request, they will be logged and set aside for handling at such time as the request currently in the system has been exhausted at the Second Step or until time limits to proceed from the First Step to the Second Step have lapsed. The warden may determine whether a letter of instruction to the inmate is in order.
| oHaving done so, we find no error in the judgment of the district court and adopt as our own the analysis set forth in the Commissioner’s Recommendation, which is attached hereto as Exhibit “A.”
The judgment appealed from is affirmed in accordance with URCA Rule 2-16.1B. Costs of this appeal are assessed to Harold Vincent.
AFFIRMED.
J^EXHIBIT “A”
COMMISSIONER’S
RECOMMENDATION
The petitioner filed the instant request as an application for writ of mandamus seeking to compel the defendants to perform their ministerial duty to process his requests for relief filed under the administrative remedy procedure. The petitioner complains that a number of his requests for administrative remedy are backlogged by the defendants and that he has waited twenty months for a response on some of his requests for administrative relief. The petitioner was allowed to present exhibits in this matter relative to his pending requests for administrative relief and present testimony which has been transcribed for the Court’s consideration. The petitioner contends that the department’s own regulations establish time periods at each step of the administrative remedy procedure for the defendants to respond and that the practice of backlogging adminis *110 trative remedy requests violates the defendant’s own regulations requiring a timely response to an inmate’s request for administrative relief. Additionally, the petitioner contends the decision rendered in the matter of Carter v. Lynn, 637 So.2d 690 (La.App. 1st Cir.1994) recognizes that there is a peremptive time period in which the defendants are required to respond to a request for administrative relief. This Court notes that the preemptive lime period at issue in Carter was the 80 day time period for an inmate to seek judicial review under R.S. 15:1177 for an adverse final administrative decision. The parties entered into a stipulation that the petitioner had not sought review of more than a single claim for relief in any of the petitioner’s requests for administrative relief currently pending awaiting review. |fiThe record is clear that the petitioner has not filed for relief on more than one claim within a single request for administrative relief.
This Commissioner also notes that the departmental regulations relative to the administrative remedy procedure provide that if an offender submits multiple requests during the period of Step One review of his first request, the first request will be processed and the other request will be logged and set aside for handling at the Unit Head’s discretion. The defendants contend the regulation relative to multiple requests for relief provides the authority for the practice of backlogging multiple requests for relief. The petitioner contends that the plain language of the regulation refers to multiple claims for relief or causes of action pled in a single administrative request. The defendants contend the regulation applies to circumstances where an inmate has filed more than a single request for administrative relief and that the department is authorized to process multiple requests for relief one at a time.
Initially this Commissioner notes the departmental regulation regarding the processing of multiple requests for administrative relief applies to multiple requests filed as distinct requests for administrative relief rather than multiple claims for relief filed within a single request. This Commissioner finds that, considering the entire language of the regulation and when all portions of the regulation are read together, that the regulation applies to situations where a request for relief has been accepted at the initial step of the administrative remedy procedure and a distinct, subsequent request for relief is filed. The regulation provides the other or subsequently filed request will be logged and set aside on backlog. This Commissioner finds that the departmental regulation detailing the procedure for processing multiple requests for relief does allow the defendants to backlog multiple requests for administrative relief.
Additionally, this Commissioner notes that the time limits provided for the defendants to respond to an inmate’s request for relief do not operate to prevent the defendants from backlogging multiple requests for administrative |firelief. The department’s regulations provide a 90-day time limit for completion of the administrative procedure, subject to requests for extensions of time by both parties. The regulations provide that if the 90-day time period expires an inmate may proceed to the next step in the administrative process. The petitioner points out that in the decision rendered in Underwood v. Wilson the 5th Circuit Court of Appeals noted that administrative remedies are exhausted when time limits provided by a grievance procedure have run. Underwood v. Wilson, 151 F.3rd 292 at 295 (5th Cir.1998). This Commissioner finds that the time periods provided by the Depart *111 ment’s administrative remedy regulations apply only to claims for relief accepted and processed by the defendants. A reading of the complete set of regulations relative to the Administrative Remedy Procedure results in the finding that a claim must be processed and entertained by the defendants for any regulations regarding time periods to respond to apply. Additionally, the petitioner has failed to show that the policy of backlogging multiple administrative requests for relief violates the petitioner’s constitutional rights. This Commissioner notes that the administrative remedy procedure does allow an inmate to request emergency relief and the regulations require all emergency requests be handled as expeditiously as possible. Additionally, any inmate under imminent danger of serious physical injury may request protective relief directly with the department or seek injunctive relief in this Court. R.S. 15:1171 grants the Department the authority to adopt an administrative remedy procedure and this Commissioner finds that the departmental regulation regarding backlogging of multiple claims is a valid and reasonable exercise of the authority granted the Department of Corrections. The petitioner has failed to show the defendants have failed to perform a ministerial duty in this matter.
Considering the documentation and testimony presented in this matter, the record and the briefs submitted by the plaintiff, it is the recommendation of this Commissioner that the petitioner’s request for mandamus be denied and this matter dismissed with prejudice at the petitioner’s cost as the petitioner has pfailed to show the defendants have a ministerial duty to process his multiple claims for administrative relief.