## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 0880

## JASON J. SPIKES

## VERSUS

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*DATE OF JUDGMENT:* **FEB 2 4 2023**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 715967, SECTION 32

HONORABLE ROBERT MORRISON, JUDGE AD HOC

\* \* \* \* \* \*

| | |
|---|---|
| Jason Jarrell Spikes<br>Angie, Louisiana | Plaintiff-Appellant<br>Pro Se |
| Jonathan R. Vining<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Louisiana Department of Public Safety<br>and Corrections |

\* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**Disposition: AFFIRMED.**

**Chutz, J.**

Jason Jarrell Spikes, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals a district court judgment dismissing, without prejudice, his petition for judicial review of Administrative Remedy Procedure (ARP) No. RCC-2021-591 for lack of jurisdiction due to his failure to exhaust administrative remedies. We affirm.

On September 20, 2021, Spikes filed ARP No. RCC-2021-591. It appears he claimed therein that he was beaten by several correctional officers, resulting in injuries including a swollen eye and a broken jaw requiring hospitalization. Spikes alleged he was also subsequently threatened with further bodily harm by high-ranking correctional officers. Spikes sought civil, criminal, and administrative relief, as well as payment of his medical bills.

After receiving ARP No. RCC-2021-591, DPSC informed Spikes the ARP was being placed on "backlog" because he already had another ARP pending in the system. Spikes was further informed he could withdraw the previously pending ARP if he wished to have ARP No. RCC-2021-0591 handled immediately. On February 14, 2022, Spikes filed a petition for judicial review in the 19th Judicial District Court seeking review of ARP No. RCC-2021-591. In the petition, Spikes made no reference to any final agency decision on ARP No. RCC-2021-591. Upon review, a 19th JDC commissioner[1] concluded Spikes' petition failed to comply with the district court's local rules, which required he file written proof that he had exhausted his administrative remedies with regard to the ARP in accordance with La. R.S. 15:1172 and 1184. Accordingly, the commissioner issued an order to Spikes on February 16, 2022, to submit such proof within 15 days and informed him the failure to do so could result in dismissal of the suit. In response, Spikes submitted

---

[1] See La. R.S. 13:711 and 713.

2

a letter from DPSC establishing that after ARP No. RCC-2021-591 was received and assigned a number, DPSC placed it on backlog pending the completion of Spikes' other ARPs. In the letter, DPSC further informed Spikes that ARP No. RCC-2021-591 would be accepted once the other "active" ARP he had in the system was exhausted.

On March 15, 2022, the commissioner issued a screening recommendation to the district court in accordance with La. R.S. 15:1178 and 1184-88. Therein, the commissioner determined the district court lacked subject matter jurisdiction to review ARP No. RCC-2021-591 because Spikes failed to exhaust his administrative remedies prior to instituting suit, *i.e.*, his suit was filed prematurely. Thus, in accordance with La. R.S. 15:1178, the commissioner recommended Spikes' suit be dismissed without prejudice.

In an apparent response to the commissioner's screening recommendation, Spikes filed a motion requesting his suit be held open until he had exhausted his administrative remedies. He attached a letter to the motion showing DPSC had responded to his request that ARP No. RCC-2021-591 "be answered" by informing him ARP No. RCC-2021-591 was backlogged and had not yet been accepted because his prior ARP had not been exhausted at that time.

On May 16, 2022, the district court signed a judgment adopting the recommendation of the commissioner and dismissing, without prejudice, Spikes' petition for judicial review of ARP No. RCC-2021-591 for lack of subject matter jurisdiction based on his failure to exhaust administrative remedies in accordance with La. R.S. 15:1172(C). Spikes appealed this judgment.

The Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171-1179, provides that DPSC may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, and/or DPSC or its employees. The

3

adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171; *Spikes v. Louisiana Department of Pub. Safety & Corrections*, 22-0504 (La. App. 1st Cir. 11/4/22), ___ So.3d ___, 2022 WL 16705741, at *2.

Pursuant to the rules and regulations promulgated by DPSC, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. See La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii). If an offender fails to exhaust available administrative remedies, the courts lack subject matter jurisdiction to review the claim. *Spikes*, ___ So.3d at ___, 2022 WL 16705741, at *2; *Dickens v. Louisiana Correctional Institute for Women*, 11-0176 (La. App. 1st Cir. 9/14/11), 77 So.3d 70, 74-75. Under LAC 22.I.325(E), exhaustion of available administrative remedies "only occurs when an offender files a timely and procedurally proper request for remedy, *which after it is accepted, is addressed on the merits at both the first and second step.*" (Emphasis added.)

In the event an offender submits multiple ARP requests during the review of a previous ARP request, the subsequent ARP requests will be backlogged and set aside for handling at such time as the ARP request currently in the system has been exhausted at the second step or until time limits to proceed from the first step to the second step have lapsed. LAC 22:I.325(F)(3)(a)(ix). This regulation applies to situations where an ARP request for relief has been accepted at the initial step of the ARP and a distinct, subsequent ARP request for relief is filed. *Spikes*, ___ So.3d at ___, 2022 WL 16705741, at *2; *Vincent v. Stalder*, 04-1750 (La. App. 1st Cir. 9/23/05), 923 So.2d 108, 110. Additionally, the time limits provided for DPSC to respond to an offender's ARP request for relief do not operate to prevent DPSC from backlogging multiple requests for administrative relief. The time periods provided by DPSC's regulations for handling ARPs apply only to ARP claims *accepted and*

4

*processed* by DPSC.[2] ***Spikes***, ___ So.3d at ___, 2022 WL 16705741, at *2; ***Vincent***, 923 So.2d at 110-11. Moreover, DPSC's regulation regarding backlogging of multiple claims is a valid and reasonable exercise of the authority granted to DPSC. ***Id.***

In the instant case, the record reflects Spikes' ARP No. RCC-2021-591 was placed on backlog when it was received by DPSC on September 20, 2021, because he already had a prior ARP being processed. Nevertheless, without waiting for ARP No. RCC-2021-591 to be accepted by DPSC and processed, Spikes filed this petition for judicial review on February 14, 2022, while the ARP was still backlogged. This petition, which was filed before any agency decision had been made, was unquestionably filed prior to the exhaustion of Spikes' administrative remedies. Thus, the district court lacked subject matter jurisdiction to review ARP number RCC-2021-591 and properly dismissed Spikes' petition for judicial review without prejudice. See ***Spikes***, ___ So.3d at ___, 2022 WL 16705741, at *2; ***Dickens***, 77 So.3d at 74-75.

On appeal, Spikes requested additional time to exhaust his administrative remedies so that he could comply with the order of the 19th JDC.[3] He attached a copy of a letter from DPSC, dated July 22, 2022, indicating ARP-2021-591 had been removed from backlog, accepted by DPSC, and was being processed. In the letter, DPSC informed Spikes his request to proceed to the second step had been received,

---

[2] When DPSC has accepted an offender's ARP, the warden is required to respond within 40 days from the date the request is received at the first step. LAC 22:I.325(J)(1)(a)(ii). An offender who is not satisfied with the warden's first step response may proceed to the second step and appeal to the secretary of DPSC. LAC 22:I.325(J)(1)(b)(i). The final decision of the secretary (or his designee) shall be made and the offender shall be sent a response within 45 days from the date the request is received at the second step. LAC 22:I.325(J)(1)(b)(ii). No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of the response time limits shall entitle the offender to move on to the next step in the process. LAC 22:I.325(J)(1)(c).

[3] Spikes appears to be referring to the February 16, 2022 order issued by the 19th JDC commission ordering Spikes to file written proof within 15 days that he had exhausted his administrative remedies with regard to the ARP in accordance with La. R.S. 15:1172 and 1184.

5

and he would receive a response within the applicable delays. Regardless, this information regarding subsequent events is irrelevant because Spikes had already filed his petition for judicial review prior to the exhaustion of his administrative remedies. See *Spikes*, ___ So.3d at ___, 2022 WL 16705741, at *2.

For these reasons, the May 16 2022 judgment of the district court dismissing Spikes' petition for judicial review, without prejudice, is affirmed in accordance with Uniform Rules—Courts of Appeal, Rule 2–16.1(B). All costs of this appeal are assessed to Jason Jarrell Spikes.

**AFFIRMED.**