STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0138

SAMUEL BARKER

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: SEP 1 5 2023

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C712294

Honorable Kelly Balfour, Judge Presiding

* * * * * *

Samuel Barker                          In Proper Person, Plaintiff/Appellant
Angola, LA


Elizabeth B. Desselle                  Counsel for Defendant/Appellee
Baton Rouge, LA                        Department of Public Safety and
                                       Corrections


* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

Samuel Barker, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department"), appeals a judgment of the district court dismissing his petition for judicial review. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

In December of 2020, the petitioner in this matter, Mr. Barker, filed a grievance, Administrative Remedy Procedure number LSP-2020-3249, in which he challenged and complained about the Department's "backlog" policy, noting that it was restrictive and unfair. The Department denied Mr. Barker's request for relief at the first and second steps. Thereafter, Mr. Barker sought judicial review of the Department's decision in the Nineteenth Judicial District Court. The commissioner assigned to review the petition concluded that Mr. Barker failed to state a cause of action, and recommended that Mr. Barker's petition be dismissed. Thereafter, on October 31, 2022, the district court rendered a judgment in favor of the Department, dismissing Mr. Barker's petition for judicial review, with prejudice. Mr. Barker now appeals.

## DISCUSSION

As provided for in the Louisiana Corrections Administrative Procedure Act, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. The review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may reverse or modify the agency decision "only if substantial rights of the appellant have been prejudiced" because the administrative decisions or findings are: (1) in violation of

2

constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9).

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to the factual findings or legal conclusions of the court of appeal. Grimes v. Louisiana Department of Public Safety and Corrections, 20-0089, p. 5 (La. App. 1st Cir. 11/12/20), 316 So. 3d 35, 38. Additionally, we note that the administrative remedy procedure allows the Department to backlog multiple requests for administrative relief. See Vincent v. Stalder, 04-1750, pp. 2-3 (La. App. 1st Cir. 9/23/05), 923 So. 2d 108, 109. Louisiana Administrative Code 22:I.325 provides:

> If an offender submits multiple requests during the review of a previous request, they will be logged and set aside for handling at such time as the request currently in the system has been exhausted at the second step or until time limits to proceed from the first step to the second step have lapsed. The warden may determine whether a letter of instruction to the offender is in order.

LAC 22:I.325(F)(3)(a)(ix).

In the present matter, Mr. Barker complains about the Department's backlog process. However, as stated by the commissioner, "On September 18, 1985, the Department installed in all of its adult institutions a formal grievance mechanism for use by all offenders committed to the custody of the Department. ... Offenders are required to use and complete all steps in the procedure properly, including obeying all rules of the procedural process ... ." (Emphasis omitted.)

3

Having reviewed the record herein and the provisions of the Department's administrative remedy procedure, we find no error in the district court's judgment. The Department informed Mr. Barker that, in accordance with its policy, it received, logged, and set aside his request for relief because he had other requests pending in the system. In addition, the Department informed Mr. Barker that he was free to withdraw his previous requests for relief to allow any others to be addressed immediately.

Mr. Barker's petition for judicial review does not allege a violation of his substantial rights. Accordingly, we find no error in the district court's ruling, dismissing the petition for judicial review for failure to state a cause of action.[1]

## CONCLUSION

For the above reasons, the October 31, 2022 judgment of the district court is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Samuel Barker.

**AFFIRMED.**

---

[1] To the extent that Mr. Barker raises issues in his appellate brief concerning an "emergency" ARP, we note that review of the Department's administrative decision is limited to issues presented in the petition for judicial review and in the ARP at the agency level. See La. R.S. 15:1177(A)(5). In the ARP under review herein, Mr. Barker did not complain about the backlogging of an emergency ARP.